UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRINCE E. KENNEDY,

    Petitioner,

v.

DAN PACHOLKE,

    Respondent.

Case No. C08-5308BHS-KLS

ORDER DIRECTING
RESPONDENT TO PROVIDE
FURTHER BRIEFING

This matter is before the Court on petitioner's amended petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner's amended petition was filed on June 16, 2008. (Dkt. #6-#7). Respondent requested and was granted an extension of time in which to file his answer (Dkt. #13 and #18), and did so on September 11, 2008 (Dkt. #19). Petitioner also requested and was granted an extension of time in which to file a reply to respondent's answer (Dkt. #21-#23), which he did on October 29, 2008 (Dkt. #24), and this matter was re-noted for consideration on October 31, 2008. Before the claims petitioner raises in his amended petition can be fully considered, however, for the reasons set forth below, the Court requires further briefing from respondent regarding one of those claims.

Petitioner was sentenced to a prison term of 111 months to life on September 2, 2005, following a

plea of guilty he made in the Pierce County Superior Court to the crime of rape of a child in the second degree. See Submission of Relevant State Court Record, Exhibits 1-3.  The United States Supreme Court has held that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989); Boykin v. Alabama, 395 U.S. 238, 242 (1969) ("A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.").

"[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding," therefore, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."[1] Broce, 488 U.S. at 569; Tollett v. Henderson, 411 U.S. 258, 266 (1973) ("The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the guilty plea, not the existence as such of an antecedent constitutional infirmity."); Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir. 1992); see also Siers v. Ryan, 773 F.2d 37, 42 (3rd Cir. 1985) (petitioner may attack only voluntary and intelligent character of guilty plea).  "Thus, while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief."[2] Tollett, 411 U.S. at 267; Ortberg, 961 F.2d at 137-38 (guilty plea precludes challenge to alleged constitutional violations which occurred prior to entry of plea).

In his amended petition, petitioner raises four grounds for federal *habeas corpus* relief, the last of which states as follows:

INEFFECTIVE ASSISTANCE OF COUNSEL FILURE [SIC] TO INVESTIGATE
NEWLY DISCOVERED EVIDENCE

---

[1] "If the answer [to the inquiry] is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack." Broce, 488 U.S. at 569.  The exceptions to this rule are "where on the face of the record the court had no power to enter the conviction or impose the sentence." Id.  Thus, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Id. at 574.

[2] The Supreme Court went on to explain in further detail that:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea . . .

Id.

ORDER
Page - 2

> Once MaDonna Murphy was found defense counsel failed to interview MaDonna Murphy and petition the court for a new trial base [sic] on newly discovered evidence.

(Dkt. #19, p. 11[3]). Respondent argues this ground is not cognizable here, because the claim of ineffective assistance of counsel concerns alleged errors occurring prior to petitioner's guilty plea.

In the memorandum of arguments submitted in support of his amended petition, though, petitioner states that "defense counsel was not able to locate [MaDonna] Murphy in time for trial," and thus claims that he "could not have discovered this witness [sic] testimony before pleading guilty." (Dkt. #7, p. 24). Indeed, the above ground for *habeas corpus* relief expressly alleges that defense counsel failed to petition for a new trial based on this "newly discovered evidence," implying that such failure occurred subsequent to petitioner having pled guilty. As such, it seems plaintiff is asserting a post-plea constitutional error on the part of defense counsel here.

Accordingly, the argument respondent puts forth as the basis for asserting this ground for *habeas corpus* relief should be denied appears to be inapplicable here. Respondent, therefore, hereby is directed to provide supplemental briefing with respect to that ground in light of fact that petitioner is claiming the alleged unconstitutional error occurred subsequent to his guilty plea. Respondent shall file his supplemental brief with the Court by **no later than December 20, 2008**. Petitioner shall file a response to respondent's brief, if any, by **no later than December 30, 2008**. The Clerk shall re-note petitioner's amended petition for consideration on **January 2, 2009**.

The Clerk shall send a copy of this Order to petitioner and counsel for respondent.

DATED this 21st day of November, 2008.

Karen L. Strombom
United States Magistrate Judge

---

[3] This page number is the page number that appears on the *habeas corpus* petition form petitioner has used. However, because the petition begins with page 2, this is actually the twelfth page of the petition.

ORDER
Page - 3