UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRINCE E. KENNEDY,

        Petitioner,

v.

DAN PACHOLKE,

        Respondent.

CASE NO. C08-5308BHS

ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING PETITIONER'S OBJECTIONS

This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge. Dkt. 31. In a thorough and well-reasoned report, Judge Strombom recommended denying the petition for writ of habeas corpus. The Court has considered the Report and Recommendation, Petitioner's objections (Dkt. 32), and the remainder of the file, and hereby adopts the Report and Recommendation.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Court adopts the factual and procedural background provided in the Report and Recommendation, and provides the following brief summary.

On May 12, 2008, Petitioner filed his petition for writ of habeas corpus relief. Dkt. 1. Petitioner challenges the legality of his judgment and sentence based on the following grounds for federal habeas corpus relief:

    (1) Newly Discovered Evidence[.] MaDonna Murphy, a personal alibi witness who could not be located before the Petitioner's trial by

ORDER - 1

exercising due diligence, because she moved, became available after the Petitioner's trial.
    (2) Ineffective Assistance of Counsel: Counsel failed to conduct an interview and investigation[.] Defense counsel failed to interview and/or investigate a potential alibi witness, Hilton Jones Jr., who could have given testimony to the Petitioner's whereabouts on days the alleged victim accused the Petitioner of committing this crime.
    (3) Petitioner's plea was not voluntary [sic] made because it was induced by threats and promises. Defense counsel told the Petitioner that if he plead [sic] guilty to the higher rape charged [sic], then he would not go to prison just as long as he told the Court what they wanted to hear.
    (4) INEFFECTIVE ASSISTANCE OF COUNSEL[.] FILURE [SIC] TO INVESTIGATE NEWLY DISCOVERED EVIDENCE[.] Once MaDonna Murphy was found defense counsel failed to interview MaDonna Murphy and petition the court for a new trial base [sic] on newly discovered evidence.

*See* Dkt. 31 at 6 (citing Dkt. 6, 6-11).

On March 16, 2008, Judge Strombom issued a Report and Recommendation and concluded that Petitioner failed to show that he is entitled to federal habeas corpus relief. *Id*. at 27. Specifically, Judge Strombom concluded that (1) Petitioner's first ground for habeas corpus concerning newly discovered evidence is both unexhausted and procedurally barred; (2) the second ground, that his counsel's failure to investigate a potential alibi witness, is not cognizable in light of Petitioner's guilty plea; (3) the third ground fails because the state courts reasonably determined that Petitioner's guilty plea was knowing, voluntary, and intelligent; and (4) the final ground fails concerning his attorney's alleged failure to investigate new evidence because it is not cognizable in light of Petitioner's guilty plea. *Id*., 9-27. Judge Strombom also concluded that no evidentiary hearing was required because the issues raised by Petitioner could be resolved based solely on the state court record. *Id*., 7-8.

On April 2, 2009, Petitioner filed objections to the Report and Recommendation. Dkt. 32. First, Petitioner maintains that an evidentiary hearing is necessary because the state courts did not consider evidence provided outside the record. *Id*., 3-8. Second, Petitioner claims that he is entitled to relief because his guilty plea was not voluntary and intelligent. *Id*., 3-14. Third, Petitioner claims that his claim of ineffective assistance of counsel based on his attorney's alleged failure to investigate a potential alibi witness is

ORDER - 2

cognizable because Petitioner's guilty plea was not voluntary and intelligent. *Id*., 14-18. Fourth, Petitioner maintains that his claim concerning newly discovered evidence is exhausted and not procedurally barred under state law. *Id*., 18-21. Finally, Petitioner contends that his claim of ineffective assistance of counsel based on his attorney's alleged failure to investigate newly discovered evidence is cognizable because Petitioner's guilty plea was not knowing or intelligent. *Id*., 21-31.

## II. DISCUSSION

Section 2254 proscribes circumstances in which a petition for a writ of habeas corpus may be granted:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The proper legal standards for Petitioner's claims are set out in the Report and Recommendation and will not be repeated in this order.

### A. Petitioner's Claim of Newly Discovered Evidence

Judge Strombom concluded that Petitioner's claim of newly discovered evidence was unexhausted and procedurally barred. Dkt. 31, 9-16. According to the Report and Recommendation, Petitioner only raised state issues and did not assert a constitutional error or other federal ground for this claim. *Id*. at 12. Judge Strombom also concluded that Petitioner would be procedurally barred from asserting such a claim in the event he returned to state court. *Id*., 13-14. Finally, Judge Strombom concluded that Petitioner's claim of newly discovered evidence alleging actual innocence was not cognizable because Petitioner maintains that Ms. Murphy's testimony would prove actual

innocence, but has not alleged that an actual constitutional violation occurred in his first claim for relief.

Petitioner first maintains that his claim of newly discovered evidence is not exhausted because he fairly presented the claim to the state courts. He contends that he adequately described his theory based on federal law and that he cited federal cases. These arguments were properly addressed in the Report and Recommendation, and the Court adopts Judge Strombom's reasoning and conclusion. *See* Dkt. 31, 9-16.

Petitioner also makes arguments that appear to apply to his claims of ineffective assistance of counsel, rather than his claim for relief based solely on newly discovered evidence. Petitioner contends that he "impliedly exhausted" his claim because he asserted several constitutional errors that occurred prior to the sentencing hearing – specifically violations of his Sixth Amendment right to effective assistance of counsel when his attorney failed to interview a missing key alibi witness, and his Fourteenth Amendment right to due process when his attorney failed to move for a new trial based on newly discovered evidence. Dkt. 32, 20-21. These arguments are addressed in Sections B and C, *infra*.

**B.    Petitioner's Claim of Ineffective Assistance of Counsel Based on Attorney's Failure to Investigate Potential Alibi Witness**

Judge Strombom concluded that Petitioner's claim concerning his attorney's alleged failure to investigate a potential alibi witness is not cognizable because Petitioner pled guilty, and because Petitioner's guilty plea was knowing, intelligent, and voluntary. Dkt. 31, 17-19. Petitioner assigns error to this conclusion, and claims his attorney's performance was deficient for a number of reasons. Dkt. 32, 21-28. Petitioner's arguments regarding the alleged deficiencies in his attorney's performance prior to entry of his guilty plea were properly addressed in the Report and Recommendation and are hereby adopted by this Court. *See* Dkt. 31, 17-19.

Petitioner also claims ineffective assistance of counsel during his sentencing because his attorney did not introduce evidence of a potential alibi witness during

sentencing. Dkt. 32 at 26. It appears that this claim has not been exhausted, as Petitioner raised these issues in his personal restraint petition, and Judge Strombom properly found that Petitioner failed to raise constitutional issues in making this claim. *See* Dkt. 31, 10-13.

In any event, Petitioner's claim concerning his attorney's failure to provide evidence of Ms. Murphy's testimony at sentencing is not cognizable. The Court notes that the purpose of sentencing is not to relitigate the facts of a case, and Petitioner has made no showing that Ms. Murphy's alibi testimony would have been a mitigating factor at his sentencing.

**C.     Petitioner's Claim That His Guilty Plea Was Not Knowing and Intelligent**

Judge Strombom concluded that Petitioner's guilty plea was knowing, voluntary, and intelligent. Petitioner maintains that he is entitled to relief because his guilty plea was not knowing and voluntary. Petitioner contends that his attorney advised him to plead guilty to the "higher charge" of Rape of a Child, "because by doing so . . . [Petitioner] would not be subjected to anymore jail time than what he already served." Dkt. 32 at 12. This argument was addressed in the Report and Recommendation. *See* Dkt. 31, 19-24.

The Court concludes that Petitioner's claim that his guilty plea was not knowing and intelligent based on his attorney's advice was properly addressed in the Report and Recommendation, and hereby adopts Judge Strombom's conclusion that the state appellate court's determination that Petitioner's guilty plea was knowing and intelligent was not "based on an unreasonable determination of the facts," and was neither "contrary to," nor did it involve an "unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d).

Petitioner also contends that his guilty plea was not voluntary, knowing and intelligent because his attorney falsely informed him that a key alibi witness, Hilton Jones, Jr., would not testify at his trial. As a result, Petitioner maintains that he decided

to accept his attorney's advice and plead guilty based on his attorney's opinion that Petitioner could not secure an acquittal without the testimony of Mr. Jones. Judge Strombom properly concluded in her Report and Recommendation that this claim was not properly exhausted in state court because Petitioner only raised this issue as it related to his ineffective assistance of counsel claim. This claim was properly addressed by the Washington State Supreme Court:

> Mr. Kennedy also claims defense counsel did not contact and interview Hilton Jones, a potential defense witness. The acting chief judge [of the appellate court] noted correctly that Mr. Jones's affidavit did not claim that defense counsel failed to contact him or that Mr. Jones tried to contact counsel. Mr. Kennedy now tries to correct that flaw by submitting another affidavit by Mr. Jones asserting he was never before contacted by defense and that he contacted defense counsel and was rebuffed. But the affidavit does not constitute competent evidence. Mr. Jones relies on hearsay regarding alleged statements by defense counsel and others. The affidavit also indicates that if defense counsel chose not to talk to Mr. Jones, he did so for sound tactical reasons. Mr. Jones was a codefendant in a severed proceeding, thus placing defense counsel in an ethical quandry if he tried to interview him. And Mr. Jones (judging from both of his affidavits) was probably and reasonably assessed not to be a credible witness. *See In re Pers. Restraint of Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996) (counsel's tactical and strategic decisions will not support ineffective counsel claim). Moreover, because Mr. Kennedy fails to show that interviewing Mr. Jones would have led to a different result, he cannot establish prejudice from counsel's alleged deficiencies.

Dkt. 1-2, 20-21 (Washington State Supreme Court ruling denying review, No. 80783-3, March 26, 2008).

In *Hill v. Lockhart*, the United States Supreme Court set out the standard by which this Court may evaluate Petitioner's claim:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. *See, e.g., Evans v. Meyer*, 742 F.2d 371, 375 (CA7 1984) ("It is

ORDER - 6

inconceivable to us . . . that [the defendant] would have gone to trial on a
            defense of intoxication, or that if he had done so he either would have been
            acquitted or, if convicted, would nevertheless have been given a shorter
            sentence than he actually received"). As we explained in *Strickland v.
            Washington, supra*, these predictions of the outcome at a possible trial,
            where necessary, should be made objectively, without regard for the
            "idiosyncrasies of the particular decisionmaker." *Id.,* 466 U.S., at 695, 104
            S.Ct., at 2068.

*Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985)[1].

This Court concludes that the Washington State Supreme Court's decision here was not "based on an unreasonable determination of the facts," and was neither "contrary to," nor did it involve an "unreasonable application of clearly established federal law." 28 U.S.C. § 2254(d).

**D.     Petitioner's Claim of Ineffective Assistance of Counsel Based on Newly Discovered Evidence**

Judge Strombom concluded that Petitioner's fourth ground for relief was not cognizable because Petitioner entered a guilty plea. Dkt. 31, 24-27. Specifically, Judge Strombom concluded that Petitioner's guilty plea bars his challenge to his conviction, and that even if Petitioner could collaterally attack the conviction based on actual innocence, there is no alleged constitutional violation because there is no right to counsel in post-conviction proceedings other than direct appeal. *Id*. at 24.

Petitioner does not raise any valid arguments that undermine Judge Strombom's conclusion regarding this issue. Petitioner first addresses this issue by arguing that his guilty plea was not voluntary, intelligent, and knowing. The Court has already addressed this issue.

---

[1] The Court notes that the *Hill* standard would also apply to Petitioner's claim that his plea was not knowing, based on his attorney's failure to secure Mr. Jones's testimony, because Petitioner is essentially arguing that his attorney's error caused him to plead guilty. As the Washington State Supreme Court concluded, Petitioner fails to demonstrate that consideration of Mr. Jones's testimony would have led counsel to recommend going to trial rather than entering a guilty plea.

ORDER - 7

In addition, Petitioner challenges Judge Strombom's conclusion by making arguments that relate to Petitioner's trial, which ended in a mistrial. *See* Dkt. 32, 27-29. These arguments fail because Petitioner subsequently entered into a guilty plea.

**E. Evidentiary Hearing**

The Court adopts Judge Strombom's recommendation that no evidentiary hearing is required. *See* Dkt. 31, 7-8. Petitioner has not shown that he is entitled to an evidentiary hearing. *See* Dkt. 32, 2-8.

### III. ORDER

The Court **ADOPTS** the Report and Recommendation (Dkt. 31) and **OVERRULES** Petitioner's objections. Petitioner's writ of habeas corpus is **DENIED**.

DATED this 14th day of May, 2009.

BENJAMIN H. SETTLE
United States District Judge

\